IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-00811-PAB-KMT

RYAN WINN,

    Plaintiff,

v.

CENTURA HEALTH,

    Defendant.

---

# ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge ("the recommendation") [Docket No. 58] filed on April 29, 2019. The magistrate judge recommends that the Court grant defendant's Motion to Dismiss [Docket No. 44], dismiss plaintiff's complaint with prejudice, and award defendant its costs, including attorney's fees, as sanctions under Fed. R. Civ. P. 37. Docket No. 58 at 7-8. On May 13, 2019, plaintiff filed an Objection and Motion for Final Judgment [Docket No. 59] in which he objects to the magistrate judge's recommendation and requests that the Court "enter an order granting [judgment] of the Plaintiff's Complaint, by a Judge with proper jurisdiction, against the Defense with prejudice, to include full dismissal [of] the Defense's malicious and fraduluent claims against the Plaintiff." Docket No. 59 at 18.

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it

is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996).

In light of plaintiff's *pro se* status, the Court reviews his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991). Because the recommendation contains a detailed statement of the case and its procedural background, the Court will only discuss the facts relevant to the resolution of plaintiff's objections.

Plaintiff's objection to the recommendation of dismissal is largely based on purported factual omissions that he believes were wrongly excluded from the magistrate judge's recommendation. Many of the purported omissions referenced by plaintiff are challenges to the magistrate judge's recitation of the facts and procedural history of the case in the recommendation's background section. *See* Docket No. 59 at 3-9. For example, plaintiff objects that there is no "mention of Plaintiff's supporting evidence" in the recommendation and states that the magistrate judge has "willingly ignored" his evidence. *Id.* at 13, ¶ 21; *id.* at 3. The background section is not material to the magistrate judge's ruling and cannot be a basis to challenge the recommendation. Rather, the recommendation evaluated whether dismissal was an appropriate sanction for plaintiff's discovery violations under Fed. R. Civ. P. 37. Docket No. 58 at 6.

At best, plaintiff's objections may be construed as an argument that, if the magistrate judge's alleged factual omissions were to be considered in determining whether the case should be dismissed as a sanction, the Court would determine that

dismissal is not warranted under *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992). Plaintiff raises over twenty purported factual omissions. While the Court will not address each of them, the Court will address the alleged factual omissions that could have an impact on the Court's weighing of the *Ehrenhaus* factors.

First, plaintiff argues that the magistrate judge "attempt[ed] deception" by failing to mention in her recommendation that plaintiff had filed a response to defendant's motion to dismiss, Docket No. 44. Docket No. 59 at 1-2. In her recommendation, the magistrate judge stated that, after the defendant filed its motion to dismiss, "[i]nstead of responding and addressing the discovery issues in the case, Plaintiff has now begun pursuing a scorched earth attack on the judges of the court." Docket No. 58 at 5.

Plaintiff did not, however, meaningfully respond to defendant's motion to dismiss. Instead, he challenged the magistrate judge's jurisdiction, accused the magistrate judge of treason, and accused defendant of committing fraud upon the Court. Docket No. 54 at 2, 8. It was therefore not factually inaccurate for the magistrate judge to state that plaintiff failed to respond and address the discovery issues that were the basis of defendant's motion to dismiss.

Plaintiff also argues that he cooperated with defense counsel and participated in discovery and objects to the magistrate judge not mentioning these instances in her recommendation. First, he states that he produced discoverable material twice: once on January 10, 2019 during an evidence exchange and once when he filed his Motion for Judicial Notice of Evidence on March 11, 2019. Docket No. 56; Docket No. 57. He argues the magistrate judge made an "intentional falsehood" by not mentioning these exchanges in her recommendation, Docket No. 59 at 7, but these exchanges are not

relevant to the magistrate judge's recommendation. The evidence exchanged on January 10, 2019 occurred in response to the magistrate judge's order that plaintiff "provide all documents under Rule 26(a)(1)(A)(ii) to Defendant on or before January 11, 2019." Docket No. 41 at 2. Afterwards, however, plaintiff continued to disobey discovery orders. He then filed an objection to the magistrate judge's discovery order [Docket No. 41], sought her disqualification from the case, and failed to appear for his scheduled deposition on January 24, 2019. Docket No. 42 at 10; Docket No. 44 at 3, ¶ 7. The magistrate judge's decision not to set out in her recommendation one instance where plaintiff may have complied with a discovery order does not render her recommendation misleading. Further, the Motion for Judicial Notice of Evidence [Docket No. 56], which included over 60 pages of purported evidence, was filed over a month after defendant had filed its motion to dismiss under Rule 37 for plaintiff's failure to comply with discovery orders. Docket No. 44; Docket No. 56. The fact that plaintiff eventually produced a number of documents after months of willful disregard of discovery orders, and a month after defendant sought dismissal of the case as a sanction, does not remedy plaintiff's many past discovery violations.

Plaintiff argues that the magistrate judge failed to acknowledge that he had objected to having his deposition taken, implying that his failure to appear at his deposition was proper and not sanctionable. Docket No. 59 at 7-8. Plaintiff references the scheduling order entered on July 24, 2018 that lists plaintiff as a potential deponent and provides that "[t]he listing of a deponent here is not a consent or waiver by the opposing party to object to a deposition for any reason." Docket No. 24 at 5-6; Docket No. 59 at 8. Plaintiff seems to believe that objecting to having his deposition taken

4

excuses his failure to appear at a scheduled deposition. Docket No. 59 at 8.

After months of plaintiff refusing to proceed with discovery, the magistrate judge ordered plaintiff to provide defendant with dates and times he was available during January 2019 to have his deposition taken. Docket No. 41 at 1. A court has "broad discretion over the control of discovery," *S.E.C. v. Merrill Scott & Associates, Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010), and the Federal Rules of Civil Procedure provide that a deposition may be taken of "any person, including a party." Fed. R. Civ. P. 30(a)(1). The magistrate judge ordered that plaintiff be deposed; plaintiff disobeyed that order. Contrary to plaintiff's assertion, Docket No. 59 at 8, the magistrate judge did not "mislead the court" in referencing plaintiff's failure to attend his deposition in her recommendation. Plaintiff's disobedience of the court order was properly included in the magistrate judge's recommendation.

Even if the Court were to consider these alleged factual omissions in its sanctions analysis, the *Ehrenhaus* factors weigh in favor of dismissing plaintiff's case. Under *Ehrenhaus*, a court should consider the following non-exhaustive factors in determining whether Rule 37 sanctions are appropriate: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; . . . (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; . . . and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (internal citations and quotations omitted). The magistrate judge determined that, considering these factors, dismissal of plaintiff's lawsuit was an appropriate sanction. Docket No. 58 at 7-8.

The Court agrees that dismissal of plaintiff's case is warranted. Defendant has

been prejudiced by plaintiff's willful disregard of the court's orders and rules. It has attended multiple hearings, repeatedly conferred with plaintiff in an attempt to facilitate discovery, and incurred expenses for a deposition at which plaintiff failed to appear. Docket No. 41; Docket No. 44 at 1-3. This case was filed over a year ago and, due to plaintiff's repeated failure to comply with court orders, has made little progress towards resolution. Moreover, the magistrate judge warned plaintiff that his case could be dismissed for failure to comply with discovery orders, Docket No. 41, and spent considerable time counseling plaintiff in an attempt to ensure that he understood the discovery process. *Id.*; Docket No. 58 at 2, n.1. Plaintiff chose to ignore court orders and instead focus on frivolous challenges to the magistrate judge's and the Court's jurisdiction instead of proceeding with discovery. Given plaintiff's repeated failure to comply with discovery orders, his indications that he will continue to defy discovery orders, and his belief that the Court lacks jurisdiction over his case, it is clear that no lesser sanction would be effective. Under *Ehrenhaus*, dismissal is an appropriate sanction under Fed. R. Civ. P. 37.

In additions to his arguments regarding the magistrate judge's recitation of the case, plaintiff makes various legal arguments about judicial recusal and fraud on the Court. *See* Docket No. 59 at 15-18. These objections are not specifically directed to the magistrate judge's recommendation and raise issues that have already been adjudicated. *See* Docket No. 43 (denying plaintiff's motion for recusal and rejecting plaintiff's arguments about fraud on the Court). Plaintiff also appears to challenge the Court's jurisdiction. Docket No. 59 at 18. As plaintiff acknowledged in his complaint, Docket No. 1 at 1, the Court has jurisdiction over plaintiff's federal civil rights claim

under 28 U.S.C. § 1331. These objections provide no reason to reject the magistrate judge's recommendation.

In recommending dismissal, the magistrate judge recommended that defendant "be awarded its costs, including attorney's fees, of going forward with the case in its entirety beginning after the filing of the Answer and through the date of dismissal." Docket No. 58 at 8. Under Fed. R. Civ. P. 37(b)(2)(C), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to comply with the discovery order], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The Rules do not provide, however, that the Court must award defendant the entirety of its attorney's fees incurred throughout the litigation.

Further, defendant did not request attorney's fees in its motion to dismiss, and thus has not submitted an affidavit attesting to the services rendered and the amount claimed. D.C.COLO.LCivR 54.3 ("Unless otherwise ordered, a motion for attorney fees shall be supported by affidavit. . . . The motion shall include the following for each person for whom fees are claimed: (1) a summary of relevant qualifications and experience; and (2) a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed."). For this reason, the Court cannot presently determine whether circumstances exist that would make an award of expenses unjust under Fed. R. Civ. P. 37(b)(2)(C). As a result, the Court does not accept the portion of the recommendation regarding the attorney's fees award. *See Carroll v. Jaques*, 926 F. Supp. 1282, 1288 (E.D. Tex. 1996) (court declining to award

7

attorney's fees as additional sanction under Rule 37 when plaintiff did not prepare an affidavit of expenses and fees and also stated he would not seek compensation for efforts made to remedy defendant's failure to comply with court order). It is therefore

ORDERED that the Recommendation of United States Magistrate Judge [Docket No. 58] is **ACCEPTED IN PART** and **REJECTED IN PART**. It is further

ORDERED that the portion of plaintiff's Objection and Motion for Final Judgment [Docket No. 59] that objects to the recommendation is **OVERRULED**. It is further

ORDERED that the portion of plaintiff's Objection and Motion for Final Judgment [Docket No. 59] seeking a final judgment is **DENIED**. It is further

ORDERED that Defendant Centura's Motion to Dismiss [Docket No. 44] is **GRANTED**. It is further

ORDERED that plaintiff's claims are **DISMISSED WITH PREJUDICE**. It is further

ORDERED that, within 14 days of the entry of judgment, defendant may have its costs by filing a bill of costs with the Clerk of Court. It is further

ORDERED that this case is closed.

DATED May 22, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge